UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | |
| Plaintiff, | |
| -against- | |
| LEON et al. | |
| Defendants. | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __10/12/2022__

19-cv-10084 (NSR)

ORDER & OPINION

NELSON S. ROMÁN, United States District Judge:

Plaintiff J & J Sports Productions, Inc. commenced this action on October 30, 2019 against

Defendants Skizzy's Sports Bar d/b/a Cantina Botanera and its owner/principal, William Owner,

for broadcasting a WBO World Super Welterweight Championship Fight Program that was

telecasted on November 5, 2016, without paying the $2,000 broadcasting fee.  Plaintiff sues under

Title 47 U.S.C. Section 605, which prohibits the unauthorized interception, receipt, publication

and use of radio communications, and Title 47 U.S.C. Section 553, which prohibits the

unauthorized interception and reception of programing over a cable system.

Defendants failed to answer the Complaint by the December 3, 2019 deadline, and the

Clerk of the Court entered notices of Defendants' default on January 27, 2020. (ECF Nos. 13, 14.)

Plaintiff then filed a proposed Order to Show Cause for Default Judgment under Fed. R. Civ. P.

55(b), along with supporting documents.  (ECF Nos. 12–20.)  On September 8, 2022, the Court

held a show cause hearing for default judgment.  Defendant failed to appear at that hearing.  The

Court therefore considered the default judgment to be fully submitted.

Given Defendants' failure to appear in this action despite having been given appropriate

notice of the Complaint and the Order to Show Cause hearing for default judgment, the Court

GRANTS Plaintiff's request for default judgment.  However, while Plaintiff requests a $24,000

award,[1] the Court will instead grant an award of $8,000, with costs and disbursements, reasonable

attorney's fees under 47 U.S.C. § 605(e)(3)(B)(iii), and post-judgment interest.  As the Court

directed during the show cause hearing on September 8, 2022, Plaintiff is granted leave to file for

reasonable attorney's fees under 47 U.S.C. § 605(e)(3)(B)(iii), and is directed to do so by

November 10, 2022.

## DISCUSSION

### *Legal Standard*

Plaintiff cannot recover under both communication piracy (47 U.S.C. § 605) and cable

piracy (47 U.S.C. § 553), and courts typically will just award damages under just 47 U.S.C. § 605

("Section 605").  *J & J Sports Prods., Inc. v. Sugar Cafe Inc.*, No. 17-CV-5350 (RA), 2018 WL

324266, at *3 (S.D.N.Y. Jan. 5, 2018); *International Cablevision, Inc. v. Sykes*, 997 F.2d 998, 1008-

09 (2d Cir. 1993).

When a party seeks to recover damages under Section 605, it may either elect to recover

actual or statutory damages.  47 U.S.C. § 605 (e)(3)(C)(i).  Here, Plaintiff elected to recover

statutory damages pursuant to 47 U.S.C. § 605 (e)(3)(C)(i)(II), which entitles Plaintiff to statutory

damages of not less than $1,000 nor more than $10,000.  (Pl.'s Mem. at 4-5.)  Plaintiff also seeks

enhanced damages pursuant to Section 605(e)(3)(C)(ii), which permits courts in their discretion to

award up to $100,000 in additional damages "violation was committed willfully and for purposes

of direct or indirect commercial advantage or private financial gain."  47 U.S.C. § 605(e)(3)(C)(ii).

---

[1]     While Plaintiff asks for $170,000 in damages in the Complaint and Statement of Damages (ECF Nos. 1, 20),
its Memorandum of Law in Support of Default Judgment and accompanying attorney's declaration instead asks for
$24,000, plus costs and disbursements and interest at the federal statutory rate. (Memorandum of Law ("Pl.'s Mem.")
(ECF No. 16.); Declaration of Joseph Loughlin ("Loughlin Decl.") (ECF No. 18.)).  Plaintiff's counsel also
represented during the show cause hearing on September 8, 2022 that Plaintiff seeks $24,000 in default judgment.

Courts in the Second Circuit award statutory "award statutory damages based on the greater of two numbers: the flat fee that Plaintiff would have charged Defendants to air the programming at their establishment or the sum of what each individual who viewed the event at Defendants' establishment would have paid to view it at home." *Sugar Cafe Inc.*, 2018 WL 324266, at \*1; *J & J Sports Prods., Inc. v. Hot Shotz Sports Bar Inc.*, No. 17CV4170DLIVMS, 2018 WL 5020175, at \*5–6 (E.D.N.Y. July 13, 2018), *report and recommendation adopted*, No. 17CV4170DLIVMS, 2018 WL 4627666 (E.D.N.Y. Sept. 27, 2018).

If using the second method, courts usually assume a standard $50 to $54.95 per person.  *G & G Closed Cir. Events, LLC v. Batista*, No. 121CV07352AKHSDA, 2022 WL 1571987, at \*6 (S.D.N.Y. May 3, 2022), *report and recommendation adopted*, No. 21 CIV. 7352 (AKH), 2022 WL 1570943 (S.D.N.Y. May 18, 2022).

When granting enhanced damages for willful violation, courts vary in their methods and considerations, but typically add on treble damages.  *Id*. at \*7 (citing *Joe Hand Promotions, Inc. v. Batista*, No. 20-CV-06460 (JPC) (SLC), 2021 WL 3855315, at \*9 (S.D.N.Y. July 23, 2021) ("[T]he more current standard for enhanced damages in this District appears to be in line with our colleagues in the Eastern District — to award enhanced damages treble the amount of the statutory damages."), *adopted by*, 2021 WL 3855311 (S.D.N.Y. Aug. 27, 2021)).

***Appropriate Default Damages***

Plaintiff requests $6,000 in statutory damages and $18,000 in enhanced statutory damages, a three times multiplier of the statutory damages award.  (Pl.'s Mem. at 5.)  Plaintiff argues this will satisfy the dual purposes of compensating Plaintiff and act as a deterrent against future acts of piracy by Defendants and others.  (*Id*.)  Plaintiff expressly acknowledges that its proposed method is not one followed by the Second Circuit, but cites to Southern District of Indiana and Eastern

District of Kentucky cases that used a similar damages calculation.  *See id*. at 9 (citing *J & J Sports Prods., Inc. v. McCausland*, No. 1:10-CV-01564-TWP, 2012 WL 113786, at *1 (S.D. Ind. Jan. 13, 2012) and *J & J Sports Prods., Inc. v. Tonita Rest., LLC*, No. 5:13-CV-382-REW, 2015 WL 9462975, at *5 (E.D. Ky. Dec. 28, 2015)).

The Court rejects Plaintiff's proposed method to calculate default damages, particularly as Plaintiff acknowledges that its method is inconsistent with the method used in courts in this Circuit. Plaintiff also does not offer any compelling reason to grant a higher award or to deviate from precedent followed in this Circuit.  In particular, Defendants "are not alleged to be recidivist offenders." *G&G Closed Cir. Events, LLC*, 2021 WL 293150, at *2 ("the $30,000 award requested by plaintiff is excessive . . . defendants could have purchased broadcast rights for the Event for $2,500.  In line with recent precedent, a more appropriate award against these defendants, who are not alleged to be recidivist offenders, would be damages equal to the licensing fee plus three times that amount in enhanced damages.").

Instead, consistent with methodology used in this Circuit, the Court will award statutory damages of $2,000, which is the flat fee Plaintiff would have charged Defendants to air the programming at their establishment.  (Pl.'s Mem. at 8; Affidavit of Joseph Gagliardi ("Gagliardi Aff.) (ECF No. 17) ¶ 8.)  This amount is greater than what could be awarded to Plaintiff under the second method, which considers the 22 patrons allegedly present during the broadcasting at the Restaurant and multiplies that by $54.95.  (Pl.'s Mem. at 8; Maria Osgood Affidavit (ECF No. 18, Ex. A.) at 1.)

As for enhanced damages, the Court will award treble damages of $6,000 for Defendants' willful violation Section 605, because Plaintiff adequately alleged that the Restaurant deliberately decoded the Program signal in order to broadcast it on premises.  (Complaint ¶ 24; Gagliardi Aff.

¶¶ 9–11.)   Courts in the Second Circuit have found that the act of intercepting a broadcasting event without permission is itself willful conduct.  *See J & J Sports Productions, Inc. v. Johnny's Restaurant*, 2016 WL 8254906, *5 (E.D.N.Y. Dec. 16, 2016) (discussing cases).

Costs and disbursement are typically also awarded, so the Court will award Plaintiff's requested cost and disbursement amount of $1,213.00.  (*See* Statement of Damages (ECF No. 20).)

## CONCLUSION

Plaintiff's request for default judgment is GRANTED. Plaintiff is awarded $8,000 in default judgment, in addition to costs of $1,213 and post-judgment interest at the federal rate. Plaintiff is also granted leave to file for reasonable attorney's fees under 47 U.S.C. § 605(e)(3)(B)(iii), and is directed to do so by November 11, 2022.

The Clerk of the Court is respectfully directed to terminate this action.  The Plaintiff is directed to serve a copy of this Order and Opinion to both Defendants and to show proof of service on the docket.


Dated:    October 12, 2022
          White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge